UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 10-187-HRW

TERRI LOUDEN,

PLAINTIFF,

v.  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on June 12, 2007, alleging disability beginning on April 2, 2000, due to problems with her hands, back, shoulders, neck and kidneys (Tr. 133). This

application was denied initially and on reconsideration (Tr. 78-79, 94-97).

On August 26, 2009, an administrative video hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Linda Taber, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On October 22, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-24).

Plaintiff was 48 years old at the time of the hearing decision (Tr. 24, 119). She has a fifth grade education and past relevant work as a parking lot attendant, nursing assistant and insulation installer (Tr. 134-135).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic low back pain secondary to degenerative disc disease of the lumbar spine, migraine headaches, chronic neck pain secondary to degenerative disc disease of the cervical spine, borderline intellectual functioning, illiteracy, depression, anxiety and a pain disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 16-17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17-19). In doing so, the ALJ specifically considered listings 1.04, 11.03, 12.02, 12.04, 12.05, 12.06 and 12.07.

3

The ALJ further found that Plaintiff could perform her past relevant work as a parking lot attendant (Tr. 22). The ALJ also determined that she has the residual functional capacity ("RFC") to perform a range of light work with certain restrictions. The ALJ found Plaintiff could lift, carry, push, or pull up to 20 pounds occasionally, 10 pounds frequently; sit, stand, and walk, up to 6 hours each but requires a sit/stand option with no prolonged standing, walking, or sitting for more than one hour without interruption; no climbing of ropes, ladders, or scaffolds; occasional climbing of stairs or ramps; and occasional balancing, stooping, kneeling, crouching, or crawling Plaintiff also requires entry-level work with simple 1-2-3 step procedures; no frequent changes in work routines; no requirement for literacy; and no requirement for detailed or complex problem solving, independent planning, or the setting of goals. Plaintiff should work in an object- oriented environment with only occasional interaction with supervisors or the general public and should not work with her hands over her head (Tr. 19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 23).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on July 1, 2010 (Tr. 1-3).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 12] and this matter is ripe for decision.

### III. ANALYSIS

**A.  Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

5

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the hypothetical question posed to the VE did not accurately portray Plaintiff's impairments and, as such, was not substantial evidence in support of the ALJ's ultimate determination (2) the testimony of the VE was inconsistent with the Dictionary of Occupational Titles (hereinafter "DOT") and, as such, was not substantial evidence in support of the ALJ's ultimate determination.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the hypothetical question posed to the VE did not accurately portray Plaintiff's impairments and, as such, was not substantial evidence in support of the ALJ's ultimate determination.

This circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff argues that the hypothetical as flawed because it did not include all the mental limitations suggested by consultative examiner, Mark Kroger, M.S. Plaintiff appears to claim that the ALJ was required to adopt Mr. Kroger's opinion verbatim, include it in the RFC and in the hypothetical to the VE. The ALJ is under no such obligation. Rather, it is the ALJ's responsibility to resolve the conflicts in the evidence and incorporate only the credible limitations of record in the RFC finding. 20 C.F.R. § 416.946(c) (the final responsibility for assessing a claimant's RFC rests with the ALJ).

Moreover, the determination of RFC is an administrative assessment based on all the evidence of how Plaintiff's impairments and related symptoms affect her ability to perform work-related activities. 20 C.F.R. § 416.945(a)(3).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

As for Mr. Kroger's assessment, ALJ took it into consideration when assessing her RFC as he concluded Mr. Kroger's limitations were "consistent with the finding that the claimant's mental impairments do not preclude her from working.

7

Plaintiff's second issue on appeal is whether the ALJ could accept the VE's testimony when in her opinion, the testimony differs from information in the DOT. She maintains that an inconsistency existed because the DOT section noted by the VE for parking lot attendant indicates that dealing with people is substantial, whereas the ALJ limited Plaintiff to only occasional interaction with supervisors or the general public.

Plaintiff's argument ignores the fact that the DOT is not the sole source of job information. She appears to suggest that the VE was required to limit her opinion to the information contained in the DOT. There is no such requirement. Indeed, as noted by the Defendant, requiring a VE's testimony to mirror specific DOT sections would undermine the purpose of obtaining the individualized determination provided by VE testimony.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of August, 2011.



Henry R. Wilhoit, Jr., Senior Judge